In the Matter of the Estate of BENJAMIN MERRIHEW, Deceased.

Surrogate's Court, Ulster County, May 16, 1939.

*Lloyd R. Le Fever*, for Oakley Merrihew, as administrator, etc.

*Charles W. Walton*, for Lulu Merrihew, individually and as executrix, etc., of Frances O. Merrihew, deceased.

FLEMMING, S.   Benjamin Merrihew died intestate on the 26th day of January, 1926, leaving a widow, Frances O. Merrihew, and six children, Simon, Charles, Oakley and Ezra, sons, and Lulu and Anna Eckert, daughters, also Lester Barringer, Dorothy Barringer and Emma Barringer, children of a deceased daughter, Emma Barringer.   At the time of his death he owned three parcels of real estate situate in the town of Olive, Ulster county, N. Y., one a farm with boarding house and two wood lots.   His personal property consisted of $4,491.65.

The father, in his lifetime, divided a portion of his estate amongst his three sons, Simon, Charles and Ezra, and one daughter, Emma Barringer.   The sons each received separate farm premises and the daughter $500 in cash.   Each contracted to receive their respective portions in full of his or her share of the estate of their father, and released all claims thereto.   The releases are in writing, under seal, acknowledged and recorded.

If this arrangement is sustained, the persons entitled as heirs to the real and personal estate of the decedent are the widow, Frances O. Merrihew, the son, Oakley Merrihew, and the two daughters, Lulu Merrihew and Anna Eckert.   An heir or an expectant devisee or legatee may in the lifetime of the intestate or testate,

in equity, sell or assign his expectant or contingent interest, whatever it may turn out to be, upon the death of the person from whom it may come, which contract if made for a valuable consideration, a court of equity will enforce. (*Kinyon* v. *Kinyon*, 72 Hun, 452.) With this in mind, there can be no reason why a father should not make such a contract with a child which should entirely bar his claim as an heir to any part of the parent's estate.

The language of the releases in the instant case clearly indicate that it was the intention of the parent that the provision made for the children in question, in the year 1910, should be in full of any further share or participation in his estate. The daughter's release contains a recital by the parent that he considers the sum paid to her to be her share and interest in his estate. The release is signed by all parties thereto. The interest which the children received from the father some sixteen years prior to his death was enjoyed by them and all the profits therefrom accrued to them. If the releases are held to be invalid the share which the children in question received would be charged as an advancement only, at the original value thereof, that is, the value at the time the distribution was made. It seems clear that the claim of the children receiving a share of the parent's estate and executing the releases referred to is barred by their act, and that of the grandchildren by the act of their parent. (*Matter of Powers*, 63 Penn. St. 443.)

The decree on the judicial settlement of the account may provide accordingly.